IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

JOE OAKLEY, et al., )
 )
    Plaintiffs, )
 )
v. ) No. 06-2276 A/P
 )
CITY OF MEMPHIS, )
 )
    Defendant. )

---

REPORT AND RECOMMENDATION

---

Before the court by order of reference is plaintiffs' Motion to Amend Order on Remedies, filed on October 4, 2011. (ECF No. 142.) Defendant City of Memphis filed a response in opposition on October 18, 2011. For the reasons below, it is recommended that the motion be denied.

### I. PROPOSED FINDINGS OF FACT

Plaintiffs are Caucasian, African-American, male, and female police officers who allege that their employer, the City of Memphis ("City"), discriminated against them on the basis of race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 1981 and 1983, and the Tennessee Human Rights Act. At the time plaintiffs filed their complaint in May 2006, they each held the rank of Lieutenant within the Memphis Police Department ("MPD"). Plaintiffs allege that the City discriminated against them by canceling a valid, nondiscriminatory 2005 promotional process to

the rank of Major because Caucasian, male Lieutenants disproportionately scored higher than African-American and female Lieutenants on the promotional examination.

On September 4, 2007, the court granted summary judgment for the City, and the Court of Appeals for the Sixth Circuit affirmed the court's decision. The United States Supreme Court subsequently granted plaintiffs' petition for certiorari, vacated the judgment, and remanded the case for further consideration in light of its decision in Ricci v. DeStefano, 129 S. Ct. 2658 (2009). See Oakley v. City of Memphis, 129 S. Ct. 2860 (2009). On August 28, 2009, the Court of Appeals remanded the case to the district court for further proceedings consistent with the opinion of the Supreme Court. On October 26, 2009, plaintiffs filed a motion for summary judgment, which the District Judge referred to the undersigned Magistrate Judge. On June 17, 2010, the undersigned issued a report and recommendation, recommending that plaintiffs' motion for summary judgment be granted. The District Judge adopted the report and recommendation and granted summary judgment for plaintiffs on August 27, 2010.

On November 17, 2010, the District Judge held a hearing on remedies. Prior to that hearing, both parties filed briefs setting forth their respective positions on the appropriate relief. On November 22, 2010, the District Judge issued an order granting several forms of relief to most of the plaintiffs, including

promotion to the rank of Major, back pay, retroactive adjustment of pension credits, and attorneys' fees and costs ("Order on Remedies"). The back pay awarded to each plaintiff, however, was reduced "by any amount that the Plaintiff earned in overtime and out-of-rank pay during the relevant time period." (Order on Remedies at 8.) The District Judge found that this deduction was appropriate, since plaintiffs would have been ineligible for overtime pay had they been promoted to Major:

> [t]he City argues that it should be allowed to reduce each promoted Plaintiff's back pay award by any amount that the Plaintiff earned in overtime and out-of-rank pay during the relevant time period. For support, the City relies on Mendoza v. City of New Orleans, Civ. No. 98-2868, 2001 U.S. Dist. LEXIS 20586 (E.D. La. Dec. 5, 2001), a decision from the U.S. District Court for the Eastern District of Louisiana. In Mendoza, the court acknowledged the general rule that overtime compensation is not deducted from a back pay award "as long as the plaintiff could have earned the compensation even if he had been properly promoted." Id. at *10 (citations omitted). However, because the plaintiffs in Mendoza would have been unable to earn overtime pay had they received promotion, the court found that the award of back pay to the plaintiffs should be reduced by any overtime pay earned. Id. This conclusion follows from the premise that if denial of a promotion did not result in any loss of pay to a plaintiff, then no compensation is warranted. Plaintiffs oppose deductions for overtime and out-of-rank pay.
>
> Within the MPD, Lieutenants qualify for overtime pay, but Majors do not. [Deputy] Chief Boyd testified that he found it hard to conceive of an instance — other than when the Lieutenant is working a particular event — in which a Lieutenant would ever be required to work overtime. Rather, the decision whether to work overtime is voluntary and left to the individual officer's discretion. Although Plaintiffs' pre-hearing brief asserts that Plaintiffs' decisions to work overtime were not voluntary, Plaintiffs do not indicate what evidence

> in the record supports this assertion, and this argument is contradicted by Chief Boyd's testimony.
>
> The Court agrees with the reasoning in <u>Mendoza</u> and concludes that Title VII contemplates a reduction in back pay for earned overtime compensation that a plaintiff could not have earned if the plaintiff had been promoted. The same principle applies to out-of-rank pay. Therefore, the award of back pay to Plaintiffs shall be reduced by overtime and out-of-rank pay earned during the period at issue.

(<u>Id.</u> at 8-9.)

The District Judge also denied promotion and back pay to certain Lieutenants, including Jerry Bouchillon and Timothy Cook. Both Bouchillon and Cook took the test for promotion to Major in 2005 and scored below the range for promotion. Plaintiffs argued that these two officers should be given back pay because some of the higher-scoring Lieutenants either did not challenge the City's actions or later gave up their right to be promoted, and Bouchillon and Cook would have been the next eligible candidates for promotion based on their scores. The District Judge rejected this argument, finding that awarding promotion and back pay at the rank of Major would effectively place the two officers in a better position than they would have been had they not been discriminated against.[1] The District Judge noted that "promoting Plaintiff Bouchillon would actually mean that he benefitted from the City's discriminatory actions since cancellation of the results and the time spent on the

---

[1] On April 8, 2008, Cook received a promotion to the rank of Major as part of a separate promotional process.

subsequent litigation resulted in elimination of candidates who scored better on the exam." (Id. at 11 n.4.)

In its current motion, plaintiffs ask the court to amend two aspects of its Order on Remedies. First, plaintiffs argue that the court's decision to deduct overtime pay from the plaintiffs' back pay award was based on the incorrect factual finding that Lieutenants in the MPD only work overtime on a voluntary basis. Plaintiffs contend that "new evidence" shows that overtime is mandatory for Lieutenants in certain situations. Specifically, the plaintiffs submit an affidavit signed by two recently retired Colonels from the MPD, Robert Shemwell and Michael J. Clark, and an Information Bulletin dated May 5, 2011, which shows that the City invoked "Level III" of its Emergency Response Plan during the Memphis flooding in May 2011. As part of this emergency plan, Lieutenants were required to work overtime. The affidavit also states that, unrelated to the emergency plan, Lieutenants are required to work overtime when they attend court and when they remain at the scene of a crime to finish their investigation.

Second, plaintiffs again seek retroactive promotion of Bouchillon and Cook to Major, with a seniority date of September 15, 2005. They state that, although Bouchillon's and Cook's scores on the 2005 promotional process fell outside the promotional range as of September 15, 2005, they eventually would have been promoted to Major based on their rankings on the 2005 list. Plaintiffs

contend the court erred by "cutting off" the list effective September 15, 2005, and that to make Bouchillon and Cook whole, the court should at least grant them retroactive promotion to Major. As evidence of the inequity of the court's ruling, the plaintiffs point to the fact that the recently appointed Director of Police Services for the City scored below them on the 2005 promotional process, but was later promoted to Major in the 2008 promotional process, which in turn made him eligible for his promotion to Director.

## II.  PROPOSED CONCLUSIONS OF LAW

As an initial matter, the court notes that plaintiffs have not identified which Federal Rule of Civil Procedure they are relying upon to support their request to alter the Order on Remedies. Therefore, the court construes plaintiffs' motion as one brought pursuant to Federal Rule of Civil Procedure 60(b), which allows the court to relieve a party from a final judgment, order, or proceeding for certain enumerated reasons.[2] Only two reasons under Rule 60 arguably apply here: (1) "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)"; and (2) "any other

---

[2] While Fed. R. Civ. P. 59(e) also allows for motions to alter or amend a judgment, such motions must be filed "no later than 28 days after the entry of the judgment." Plaintiffs' motion was filed nearly 11 months after the court entered the Order on Remedies, and therefore, Rule 59(e) is not applicable.

-6-

reason that justifies relief." Fed. R. Civ. P. 60(b)(2), (b)(6).[3]

As a general matter, "Rule 60(b) does not permit parties to relitigate the merits of claims, or to raise new claims that could have been raised during the litigation of the case or in the initial Complaint." Clark v. Parker, No. 4:10 CV 495, 2011 WL 5865958, at *3 (N.D. Ohio Nov. 22, 2011). In order to receive relief from an order due to newly discovered evidence under Rule 60(b)(2), "a party must demonstrate (1) 'that it exercised due diligence in obtaining the information' and (2) that 'the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment.'"

---

[3]Rule 60(b) states as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Estate of Hickman v. Moore, Nos. 3:09-CV-69, 3:09-CV-102, 2011 WL 4860040, at *3 (E.D. Tenn. Oct. 13, 2011) (quoting Good v. Ohio Edison Co., 149 F.3d 413, 423 (6th Cir. 1998)). In addition, "it is well-settled that 'newly discovered evidence for motions under . . . Rule 60(b)(2) must pertain to evidence which existed at the time of trial." Satyam Computer Servs., Ltd. v. Venture Global Eng'g, LLC, 323 F. App'x 421, 427-28 (6th Cir. 2009) (quoting Davis v. Jellico Cmty. Hosp., Inc., 912 F.2d 129, 136 (6th Cir. 1990)).

Relief under Rule 60(b)(6) requires the movant to meet an even higher burden, and is appropriate only in very limited circumstances. The Sixth Circuit has stated that:

> relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation. This is especially true in an application of subsection (6) of Rule 60(b), which applies only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule. Courts must apply subsection (b)(6) only as a means to achieve substantial justice when something more than one of the grounds contained in Rule 60(b)'s first five clauses is present. The "something more" must include unusual and extreme situations where principles of equity mandate relief.

Ford Motor Co. v. Mustangs Unlimited, Inc., 487 F.3d 465, 468 (6th Cir. 2007) (internal quotations marks and citations omitted).

The court finds that neither subsection (b)(2) nor (b)(6) justify the relief sought by the plaintiffs, as they have not presented new evidence or "exceptional or extraordinary circumstances" that would warrant an amendment to the Order on Remedies. First, the court finds that the affidavit signed in

September 2011, the Information Bulletin relating to events that occurred in May 2011, and the recent promotion of the police Director cannot be considered "newly discovered evidence" as a matter of law. See Satyam Computer Servs., 323 F. App'x at 428 ("The earliest letter that VGE references did not exist until April 2007, more than eight months after the judgment was entered on July 31, 2006. Therefore, VGE's Rule 60(b)(2) motion fails as a matter of law to the extent it relies upon the April to July 2007 letters because this 'newly discovered evidence' did not exist at the time of trial."). Second, any additional evidence regarding mandatory overtime work required of Lieutenants could have been and should have been presented to the District Judge at the hearing, and thus plaintiffs have not shown that they exercised due diligence in obtaining the information. Third, this "new evidence" is not material or controlling, and the plaintiffs have not shown that this evidence *clearly* would have produced a different result had it been previously presented to the court. In fact, the District Judge acknowledged in the Order on Remedies that in some instances Lieutenants are required to work overtime. (See Order on Remedies at 9.) Finally, in regard to plaintiffs' request for back pay and retroactive promotion to Major for plaintiffs Cook and Bouchillon, these same arguments were fully considered and rejected by the District Judge in her Order on Remedies. Plaintiffs have not shown exceptional or extraordinary circumstances that would warrant

relief from the court's order.

### III. RECOMMENDATION

For the above reasons, it is recommended that plaintiffs' Motion to Amend Order on Remedies be denied.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

April 27, 2012
Date

**NOTICE**

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**