# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| JOE OAKLEY, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 06-2276 A/P |
| CITY OF MEMPHIS, | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Before the court by order of reference are plaintiffs' Supplement to Plaintiffs' Amended Petition for Payment of Attorneys' Fees and Reimbursement of Expenses for Armstrong Allen, PLLC Pursuant to 42 U.S.C. § 1988 ("First Supplement"), filed on November 21, 2011 (ECF No. 146), and plaintiffs' Second Supplement to Plaintiffs' Amended Petition for Payment of Attorneys' Fees and Reimbursement of Expenses ("Second Supplement"), filed on November 21, 2011 (ECF No. 147). Defendant City of Memphis ("City") has not opposed the First Supplement. The City filed a response in opposition to the Second Supplement on December 22, 2011, and plaintiffs filed a reply on January 25, 2012. The court recommends that the First Supplement be granted and that the Second Supplement be granted in part and denied in part.

### I. PROPOSED FINDINGS OF FACT

Plaintiffs are Caucasian, African-American, male, and female

police officers who allege that their employer, the City, discriminated against them on the basis of race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 1981 and 1983, and the Tennessee Human Rights Act. At the time plaintiffs filed their complaint in May 2006, they each held the rank of Lieutenant within the Memphis Police Department ("MPD"). Plaintiffs allege that the City discriminated against them by canceling a valid, nondiscriminatory 2005 promotional process to the rank of Major because Caucasian, male Lieutenants disproportionately scored higher than African-American and female Lieutenants on the promotional examination.

The plaintiffs were granted summary judgment on their claims on August 27, 2010. On November 17, 2010, the district judge held a hearing to determine what remedies should be awarded to the plaintiffs. Prior to that hearing, both parties filed briefs setting forth their respective positions on the appropriate relief. Plaintiffs also filed, on November 16, 2010, a Petition for Payment of Attorneys' Fees and Reimbursement of Expenses Pursuant to 42 U.S.C. 1988, seeking $457,758.15 in fees and $2,603.09 in expenses. After the hearing, on November 22, 2010, the district judge issued an order granting plaintiffs, among other forms of relief, attorneys' fees and costs ("Order on Remedies"). In the Order on Remedies, the district judge set forth the market hourly rates to be used in calculating the attorneys' fees for plaintiffs, and

ordered plaintiffs to submit a revised version of their November 16 fee petition. Plaintiffs complied on January 7, 2011, and filed an Amended Petition for Payment of Attorneys' Fees and Reimbursement of Expenses Pursuant to 42 U.S.C. 1988 ("Amended Fee Petition"), in which they sought a reduced $383,191.25 in fees and $2,603.09 in expenses. The Amended Fee Petition was referred to the undersigned magistrate judge. Subsequent to that referral, the parties agreed to a proposed order in which the City agreed to pay fees and expenses equal to those requested by the plaintiffs in their Amended Fee Petition. The undersigned recommended that the district judge grant the Amended Fee Petition and enter the proposed order submitted by the parties. The district judge adopted the report and recommendation and entered the order (granting $383,191.25 in fees and $2,603.09 in expenses to plaintiffs for the period ending October 12, 2010) on February 18, 2011. The February 18 order also gave plaintiffs the right to file a supplemental petition for fees and expenses incurred as of December 1, 2010.

Plaintiffs proceeded to file the two supplemental petitions currently before the court on November 21, 2011. In the First Supplement, plaintiffs seek $11,506.00 in fees and $2,214.28 in expenses incurred by the firm of Armstrong Allen PLLC through April

23, 2006.[1]  In the Second Supplement, plaintiffs seek $88,271.50 in fees and $165.90 in expenses incurred by the firm of Adams & Reese LLP through November 15, 2011.  Both petitions utilize the hourly rates set forth by the court in the Order on Remedies.  The City has not raised any objections to the First Supplement, but argues on several grounds for a reduction in the fees requested in the Second Supplement.  The City argues that (1) the time entries provided from plaintiffs' counsel are vague, (2) plaintiffs' counsel spent an excessive number of hours communicating with their clients and reviewing client communications, (3) plaintiffs' counsel engaged in block billing, and (4) plaintiffs' counsel expended nearly three times as many hours as the City's counsel during the same time period (i.e. from December 2010 through November 2011).

## II.  PROPOSED CONCLUSIONS OF LAW

It is not disputed that plaintiffs are entitled to attorneys' fees and expenses; the only task for the court is to determine the proper amount to be awarded.  42 U.S.C. § 1988 provides that a prevailing party may recover "a reasonable attorney's fee as part of the costs."  The predominant method for determining the amount of fees to be awarded to the prevailing party is the "lodestar" method, in which the fee award equals the market hourly rate for

---

[1]Plaintiffs state in the First Supplement that they will not seek any further fees or expenses on behalf of Armstrong Allen PLLC.

-4-

comparable legal services in the relevant community, multiplied by the number of hours devoted to the matter by the prevailing attorney. As recently stated by the Supreme Court, the lodestar method is favored because it "roughly approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case" and produces reasonably objective and predictable results. Perdue v. Kenny A. ex rel. Winn, 130 S.Ct. 1662, 1672 (2010). The lodestar method is intended to provide a fee award that is "reasonable" and "is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." Id. It is not, however, intended to provide a financial windfall for prevailing attorneys. Id. at 1672-73; see also Blum v. Stenson, 465 U.S. 886, 893-94 (1984).

In the case at bar, there is no dispute as to the hourly rate to be used in determining the lodestar amount, as the district judge has already set these rates in the Order on Remedies: $275 for Mr. Shelton, $225 for Mr. Faughnan, and $180 for Ms. Taube.[2] The only issue before the court is the reasonableness of the number of hours expended by plaintiffs' counsel.

The City argues that many of plaintiffs' counsel's time

---

[2]Plaintiffs note in both supplemental petitions that they believe the hourly attorney rates set forth in the Order on Remedies are unreasonably low. However, while plaintiffs wish to preserve that issue for appeal, there is no dispute as to the rates for the purpose of determining these motions.

entries are vague. As recently stated by the Sixth Circuit:

> The key requirement for an award of attorney fees is that the documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation. However, entries may be sufficient even if the description for each entry is not explicitly detailed.

United States ex rel. Lefan v. Gen. Elec. Co., 397 F. App'x 144, 148-49 (6th Cir. 2010) (internal quotation marks and citations omitted). The Sixth Circuit added that "[t]he Supreme Court has held that 'counsel . . . is not required to record in great detail how each minute of [ ] time was expended . . . [but] should identify the general subject matter of [ ] time expenditures.'" Id. at 149 (quoting Hensley v. Eckerhart, 461 U.S. 424, 437 n.12 (1983)).

The City has also objected to plaintiffs' counsel's alleged practice of "block billing." "[B]lock billing refers to the 'time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks.'" Renneker v. Comm'r of Social Sec., No. 1:10-cv-386, 2011 WL 6950510, at *8 (S.D. Ohio Dec. 8, 2011) (quoting Robinson v. City of Edmond, 160 F.3d 1275, 1285 n.9 (10th Cir. 1998)). As far as this court is aware, the Sixth Circuit has never explicitly rejected the practice of block billing. In Pittsburgh & Conneaut Dock Co. v. Dir., Office of Workers' Comp. Programs, 456 F.3d 616 (6th Cir. 2006),

the appellant challenged an award of attorneys' fees pursuant to 33 U.S.C. § 928 and argued that appellee's counsel had engaged in block billing. The majority did not opine on the matter of block billing because it held that the award of attorneys' fees was inappropriate. Id. at 625-26. In dissent, Judge Karen Moore stated that "our sister circuits have rejected block-billing objections to fee awards in a number of contexts" and found that appellee's counsel's time should not be reduced. Id. at 635; see also Heath v. Metro. Life Ins. Co., No. 3:09-cv-0138, 2011 WL 4005409, at *9 (M.D. Tenn. Sept. 8, 2011) (addressing block billing and stating that "the Sixth Circuit has scarcely commented on this practice, and where it has, the court has expressed some indifference"). Despite the lack of guidance from the Sixth Circuit on this issue, district courts within this circuit have discussed block billing on numerous occasions. While the practice is generally discouraged, block billing by itself does not require a court to reduce a fee award. See Renneker, 2011 WL 6950510, at *8 ("Block billing is not impermissible.") At the same time, "[c]ourts unquestionably have authority to downwardly adjust fee claims because of block billing and vague entries." Swapalease, Inc. v. Sublease Exchange.com, Inc., No. 1:07-CV-45, 2009 WL 1119591, at *2 (S.D. Ohio Apr. 27, 2009).

In some instances, district courts have allowed block billing entries to be compensated at full value. See, e.g., Renneker, 2011

WL 6950510, at *8 (finding that block billing of counsel did not require fee reduction because "plaintiff's counsel's billing sheet is not sloppy or imprecise and the Court can discern the type of work that was done and that such work was necessary to the litigation. Further, there is no indication that plaintiff's attorney inflated hours for any specific entry."); <u>Cummings Inc. v. BP Prods. N. Am., Inc.</u>, Nos. 3:06-0890, 3:07-0834, 2010 WL 796825, at *6 (M.D. Tenn. Mar. 3, 2010) (not reducing fees for block billing because the court "was able to clearly ascertain what tasks were performed"); <u>Fair Housing Advocates Assoc. Inc. v. Terrace Plaza Apartments</u>, No. 2:03-CV-563, 2007 WL 445477, at *5 (S.D. Ohio Feb. 6, 2007) (not reducing fees for block billing because the entries did not "significantly limit the Court's ability to determine the reasonableness of the time expended" and because all the activities within each entry were "properly compensable"). On the other hand, the use of block billing has provided the basis for across-the-board fee reductions in other cases. See <u>Heath</u>, 2011 WL 4005409, at *10-11 (reducing fees by 20% because counsel's block billing made it impossible to "ensure with a high degree of certainty that the hours allegedly expended were in fact expended in a reasonable, non-duplicative fashion"); <u>EEOC v. Cintas Corp.</u>, Nos. 04-40132, 06-12311, 2011 WL 3359622, at *7-8 (E.D. Mich. Aug. 4, 2011) (reducing fee award by 10% because block billing made the court "unable to determine exactly how much time was spent

-8-

performing many tasks, whether the tasks were necessary for the litigation, and whether the tasks were duplicated by other attorneys"); Gratz v. Bollinger, 353 F. Supp. 2d 929, 939 (E.D. Mich. 2005) (reducing fee award by 10% due to block billing and vagueness of time entries).

The court agrees with the City that many of Mr. Shelton's time entries reflect block billing. On multiple occasions, Mr. Shelton's time entries include all work performed on a particular date, without specifying how much time was allotted to each individual task. The following time entries are indicative of this practice:

| | | |
|---|---|---|
| 04/14/11 | 4.00 | Telephone conferences with clients, Meyers, paralegal; emails re same; conference with Meyers; Telephone conference with Chambers re hearing; review back pay and related research. |
| 04/15/11 | 6.00 | Prepare for and attend court; review Casad backpay issues; emails and telephone conferences with clients, counsel. |
| 04/18/11 | 6.00 | Telephone conferences with Meyers, client; prepare for and attend hearing re backpay; related emails; upload exhibit; work on order; prepare file order re counsel. |
| 04/20/11 | 5.00 | Draft and revise order; emails and telephone conference with counsel, clients re same. |

(Ex. A, Second Supplement, ECF No. 147-1.)

The court also finds that many of Mr. Shelton's time entries are vague, as they relate generally to communications with clients or counsel, without any indication of the general subject matter of such communications, the number of communications, or any explanation to justify the time devoted to those communications.[3] The following entries are indicative of this practice:

| Date | Hours | Description |
|---|---|---|
| 02/23/11 | 1.00 | Emails. |
| 04/24/11 | 1.50 | Telephone conferences with clients, Mr. Meyers; emails. |
| 03/24/11 | 1.00 | Emails with counsel, clients. |
| 04/04/11 | 0.70 | Emails with counsel, clients. |
| 04/22/11 | 0.60 | Emails with clients. |
| 04/26/11 | 0.40 | Emails. |
| 05/03/11 | 0.50 | Telephone conference with client; emails with counsel. |

(Id.) The court finds that these entries, and others like them, do not provide sufficient detail as to the tasks performed by Mr. Shelton. Based on the block billing and vagueness present throughout much of Mr. Shelton's billing records, the court finds that a reduction of the fees award to plaintiffs is appropriate. Based on the range of reductions imposed by other courts within

---

[3]The court acknowledges that plaintiffs have filed as an exhibit to their reply brief, an index of all emails received by plaintiffs' counsel from the plaintiffs or from counsel for the City, from November 30, 2010 to November 15, 2011. The court has reviewed this exhibit, but finds that it provides little additional information about these communications or how they relate to plaintiffs' counsel's time entries.

this circuit, the court recommends that Mr. Shelton's hours (which account for $76,807.50 of plaintiffs' total fee request) be reduced by fifteen percent (15%).

The City has additionally argued that the hours expended by plaintiffs' counsel are excessive, in that the City has expended a much lower number of hours over the same period. The court finds that this argument is without merit and that no further reduction is necessary on this basis. As one other court in this circuit has stated, "[t]he fact that Defendant's own attorneys spent less time on this case is not particularly compelling, as this could be due to any number of factors . . . ." Heath, 2011 WL 4005409, at *10-11. The court agrees with this logic.

The court also rejects the City's argument that plaintiffs' counsel spent an excessive amount of time communicating with their clients. According to the City, 106.30 of the 347.70 hours sought by plaintiffs in their current fee petition were spent communicating with clients. The City argues that this amount (approximately 30%) is "simply excessive." When determining whether hours claimed by a party were reasonably expended, "the standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed." Wooldridge v. Marlene Indus. Corp., 898 F.2d 1169, 1177 (6th Cir. 1990) (abrogated on other grounds by Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of

Health & Human Resources, 532 U.S. 598 (2001)). The court does not find that the number of hours devoted to communication with clients is excessive. As plaintiffs note in their reply, there were thirty-one plaintiffs in this case. Moreover, the City has presented no particular reason, other than its comparison to its own number of hours, why 106.30 hours of client communication over the course of approximately one year is an excessive number. The court declines to further reduce plaintiffs' fee award on this basis.

The City has not raised any objections to the amount of expenses sought by plaintiffs in the Second Supplement. Having reviewed these expenses, the court finds that they are reasonable and should be reimbursed.

As stated earlier, the City has not filed any response in opposition to the First Supplement. The court notes, however, that the district judge's February 18, 2011 order, to which both parties had mutually agreed in advance, provided that "Plaintiffs may file a supplemental fee petition for fees and expenses incurred with respect to this case for the period beginning December 1, 2010." (ECF No. 126, ¶ 5.) This order did not appear to contemplate a supplemental filing for fees and expenses that had been incurred in March and April of 2006 by Armstrong Allen PLLC (i.e. the fees and expenses sought in the First Supplement). However, since the City has not opposed the First Supplement, the court finds that these

fees and expenses should be awarded to plaintiffs in full.

### III.  RECOMMENDATION

For the foregoing reasons, the court recommends that the First Supplement be granted and the Second Supplement be granted in part and denied in part.  Specifically, the court recommends that plaintiffs be awarded $11,506.00 in fees and $2,214.28 in expenses for work performed by the firm of Armstrong Allen PLLC through April 23, 2006, and $76,750.37 in fees and $165.90 in expenses for work performed by the firm of Adams & Reese LLP through November 15, 2011.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

June 14, 2012
Date

**NOTICE**

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1).  FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**