UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

JOE OAKLEY, DOUG BARNES,            )
JEFFREY B. POLK, MICHAEL             )
RALLINGS, MARY JOHNSON,              )
RONALD G. FITTES, KURT PHILLIPS,)
ANTHONY ROSSER, TERRY                )
LANDRUM, DARRELL L.                  )
SHEFFIELD, MICHAEL J. CLARK,         )
WILLIAM VOLNER, JERRY L. GWYN,)
HOWELL STARNES, JOSEPH SCOTT, )
GERALD BLUM, JOHN CALLAHAN           )
CASAD, DALE SIMMS, RUSSELL           )
G. HOUSTON, III, STEPHEN             )
GRISHAM, KIM C. MANSEL,              )
ROBERT VAUGHN, DENNIS                )
BENJAMIN, RANDY OLIVER, JERRY )
W. WEBB, TRACY GOSSETT, SUSAN )
K. LOWE, GENE PEVY, DAWN YORK,)
GREGORY M. QUINN, JAMES A.           )
RICHARDSON, MARY F. NEWSOM,          )
CORNELL DYE, TIMOTHY E. COOK, )
SR., SANDRA D. PALMER, EDWARD        )
A. VIDULICH, JERRY BOUCHILLON, )
RICHARD BORGERS, SCOTT               )
WILSON, MICHAEL WILLIAMS,            )
ROBERT SHEMWELL,                     )
                                     )
       Plaintiffs,            )
v.                                   )   No. 06-2276-STA-tmp
                                     )
CITY OF MEMPHIS,                     )
                                     )
       Defendant.             )
                                     )

**ORDER ADOPTING REPORT AND RECOMMENDATIONS, GRANTING PLAINTIFFS' FIRST SUPPLEMENTAL MOTION FOR ATTORNEY'S FEES AND EXPENSES, AND GRANTING IN PART AND DENYING IN PART PLAINTIFFS' SECOND SUPPLEMENTAL MOTION FOR ATTORNEY'S FEES**

Before the Court are Plaintiffs' Supplement to Plaintiffs' Amended Petition for Payment of Attorney's Fees and Reimbursement of Expenses for Armstrong Allen, PLLC ("the First Supplement") (D.E. # 146), filed on November 21, 2011, and Plaintiffs' Second Supplement to Plaintiffs' Amended Petition for Payment of Attorney's Fees and Reimbusement of Expenses for Adams and Reese LLP ("the Second Supplement") (D.E. # 147), filed on November 21, 2011. Defendant filed a Response (D.E. # 148) on December 22, 2011, and Plaintiffs replied (D.E. # 152) on January 25, 2012.[1] The Court referred the Motions to the Magistrate Judge (D.E. # 153) on March 22, 2012, and the Magistrate Judge issued a Report and Recommendation (D.E. # 156) on June 14, 2012, recommending that the First Supplement be granted and the Second Supplement be granted in part and denied in part. The parties' objections to the Report and Recommendation were due June 28, 2012, and neither party filed any objections. For the following reasons, the Court **ADOPTS** the Report and Recommendation, **GRANTS** the First Supplement, and **GRANTS IN PART AND DENIES IN PART** the Second Supplement.

Although neither party has filed objections to the Report, the Court is obligated to review the Magistrate Judge's recommendations to determine whether it will "accept, reject, or modify [them] in whole or in part."[2] After reviewing the Report and other documents filed in the case *de*

---

[1] This case was reassigned to the Court due to Judge Donald's elevation to the Sixth Circuit Court of Appeals on January 17, 2012.

[2] 28 U.S.C. § 636(b)(1)(C).

2

*novo*, the Court concludes that the Magistrate Judge correctly recommended that the Court grant the First Supplement and grant in part and deny in part the Second Supplement. The Court agrees with the Magistrate Judge's proposed findings of fact: the Report and Recommendation succinctly and accurately states this case's procedural history and summarizes the parties' arguments. Notably, Defendant did not oppose the relief requested in the First Supplement, but it did argue that the Second Supplement's time entries were vague and opposed the number of hours requested as excessive because Plaintiffs' counsel spent too many hours communicating with their clients, they engaged in block billing, and they expended three times as many hours as Defendant's counsel.

The Magistrate Judge's resolution of these objections was based on sound reasoning. Although some of Plaintiffs' counsel's time entries reflected a practice of block billing, the Magistrate Judge combined his concerns about the block billing with the vagueness of time entries and reduced the time requested by fifteen percent. Additionally, the Magistrate Judge properly rejected Defendant's arguments regarding the number of hours Plaintiffs' counsel expended compared to its counsel and the amount of hours Plaintiffs' counsel communicated with their clients. Defendant did not oppose the amount of expenses requested for either party. Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation, **GRANTS** the First Supplement, and **GRANTS IN PART AND DENIES IN PART** the Second Supplement.

Plaintiffs shall be awarded the following amounts: $11,506.00 in fees and $2,214.28 in expenses for work performed by the firm of Armstrong and Allen PLLC through April 23, 2006,

and $76,750.37 in fees and $165.90 in expenses for work performed by the firm of Adams & Reese LLP through November 15, 2011.

**IT IS SO ORDERED**.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: July 6, 2012.